## HAZLETT V. BURGE.

Fraud: FRAUDULENT REPRESENTATIONS OF ADMINISTRATOR: BARRED CLAIMS. In an action for damages, resulting from the deceitful and fraudulent practices of defendant which it was averred induced plaintiff from filing and securing the allowance of a claim held by him against an estate of which defendant was administrator, whereby the claim had become barred by the statute of limitations, the main allegations of the petition were that the defendant fraudulently pretended that he would consent to the allowance of said claim, and made proposition to pay it in land, which plaintiff accepted, relying upon the promise of defendant to allow said claim and secure plaintiff a deed for the land, which defendant knowingly neglected to do; which neglect was unknown to plaintiff until after the administration of the estate was closed. *Held*, that the facts averred would not justify a recovery against defendant on the ground of fraud.

> *Argu.* 1. CONSTITUENTS OF FRAUD. Fraud, in general, consists in the misrepresentation of matters of *fact*, not in the failure to keep a promise thereafter to do or omit to do something.

### *Appeal from Linn District Court.*

### SATURDAY, JULY 6.

THIS is an action against the defendant to recover damages for alleged fraudulent representations made to the plaintiff. The court sustained a demurrer to the petition.

The material averments of the petition are as follows: That on the 27th of December, 1859, one William Waln, now deceased, executed a note for $412.27, of which plaintiff is now the owner; that after the decease of said Waln, to wit, on the 6th day of July, 1860, the defendant was duly appointed administrator of his estate; that on the 28th of October, 1861, the plaintiff then being the owner of said note, filed the same as a claim against the estate of said Waln, duly sworn to, in the County Court; that about the time of the filing of said claim in the

County Court as above stated, or within a few days thereafter, the said James M. Burge, administrator, etc., as aforesaid, with intent to hinder, delay and defraud the plaintiff in the matter of the collection of said claim, and for the purpose of putting the plaintiff off his guard in the matter of serving notice and proving his claim in the manner required by law where the administrator does not appear and consent to the allowance of the claim, cunningly and fraudulently pretended that he would consent to the allowance of said claim, and in order, as he stated, to settle the said claim in a manner the most advantageous to said estate, proposed to secure to the plaintiff a good and sufficient deed of conveyance of certain land belonging to said estate, and situated in the county of Linn aforesaid, which proposition the plaintiff accepted at the time, and relying upon the promise and undertaking of said defendant to allow the said claim and to secure to the said plaintiff a good and sufficient deed of conveyance of said land, neglected to serve notice upon the said administrator, and to prove the said claim as by law required in cases where the administrator is not satisfied with the correctness and justness of the claim; that the said defendant knowingly, willfully and wrongfully neglected to appear before the County Court of said county of Linn and consent to the allowance of plaintiff's claim, and wholly failed and neglected to take any steps proper or necessary to secure to the plaintiff a good and sufficient deed of conveyance of the land above referred to. That the defendant closed his administration of said estate, and filed in said County Court his final report as such administrator on the 24th day of June, A. D. 1865; and that the plaintiff had no knowledge of the failure and neglect of said administrator to fulfill his said promise and undertaking until after the said administration was closed and the said administrator discharged; that said claim required

no proof to sustain it beyond what was filed therewith in the County Court, to wit, the promissory note upon which the same was based; and that nothing was required upon the part of the plaintiff to secure the allowance of the claim but merely serving the administrator with notice when the same would be heard by the County Court; that the defendant by the devices above mentioned sought to defraud the plaintiff in the premises; that the plaintiff has been damaged by the fraudulent representations, acts and omissions of the defendant, as hereinbefore set forth, in the sum of four hundred and twelve dollars and twenty-seven cents, for which he asks judgment, etc.

Plaintiff appeals.

*Smyth & Young* for the plaintiff.

*Thomas Corbett* and *W. G. Thomson* for the defendant.

DILLON, J.—The appellant, in his argument, claims that the basis of the action is *fraud*, consisting of the deceit-

1. FRAUD: fraudulent representations of administrator: barred claims.

ful and fraudulent practices of the defendant, resulting in injury to the plaintiff; that the promise of defendant in relation to the lands is set out for the purpose of showing the fraud, and the means by which it was made effectual. The main allegations consist in the charge that the defendant "fraudulently pretended that he would consent to the allowance of said claim," and made propositions to pay it in land, which "plaintiff accepted, relying upon the promise of the defendant to allow said claim and to secure plaintiff a deed for the land." It is averred that defendant knowingly neglected to consent to the allowance of said claim, and to take steps to secure a deed for the plaintiff, facts which the plaintiff did not know until after the estate was closed.

Fraud, in general, consists in the misrepresentation of matters of *fact*, not in the failure to keep a promise, thereafter to do or omit to do something. If it was averred that the defendant had represented to the plaintiff that the claim was allowed, when he knew it had not been, and this was done to deceive and did deceive the plaintiff, this would be a clear case of fraud.

*Argu.* 1. Constituents of fraud.

Defendant had no power to allow the claim without the approbation of the County Court. Rev., § 2393.

It is not averred, at least with distinctness, that the defendant agreed with the plaintiff to act for him and to procure the allowance of the claim by the county judge.

Admitting that there may be cases in which fraud may be predicated of a failure to do some future act, we are unanimously of the opinion, that the facts stated in the petition do not make such a case against the defendant as to justify a recovery against him on the ground of fraud.

The cause will be remanded, with the same order as to amendment, that was made in the preceding case.

Affirmed.