MARY A. DEPUGH, Appellant, v. H. N. FRAZIER, Appellee.

**Instructions:** REFUSAL OF REQUESTS. Where the instructions as given by the court embody the substance of those requested, and are as full as the case requires, refusal to submit the requests is not erroneous.

**Fraud:** ORAL STATEMENT OF GUARANTY. The oral statement of a third person that he would guarantee a certain contract to be good was a mere promise and not a misrepresentation of fact, and did not constitute actionable fraud.

**Agency:** EVIDENCE. Where there was evidence from which the jury would have been justified in finding that a husband was authorized to act as his wife's agent, the admission of evidence as to the acts of the husband concerning a trade made by the wife was not erroneous.

*Appeal from Harrison District Court.*—HON. E. B. WOODRUFF, Judge.

WEDNESDAY, DECEMBER 16, 1914.

ACTION to recover damages for alleged violation of a trust by an agent, for recovery on an oral guaranty, and for conversion. From a verdict and judgment for defendant, the plaintiff appeals.—*Affirmed.*

*Cochran & Barrett,* for appellant.

*Roadifer & Roadifer* and *John P. Organ,* for appellee.

WITHROW, J.—I. In 1911 Mary A. Depugh, the appellant, was the owner of land in Harrison county, Iowa. About February 1st of that year a trade of her real estate for that

owned by one Joe Small was entered into. There were incumbrances to be taken care of in the deal, and Small procured a loan of $8,000 through the agency of the defendant, Frazier, paying to him and his associate in procuring the loan $500 as commission. The negotiations leading up to the trade had been between Joe Depugh, husband of the plaintiff, and Small. As part of the consideration it was agreed between these parties that two notes given by one Girton should be assigned to Mrs. Depugh, in whom was the title of the land, and also a land contract between one Metcalf and Berial L. Jones, which entitled Jones, on the payment of $3,650, to the conveyance of 200 acres of land owned by Metcalf, subject to an existing mortgage of $7,350. Thereafter, Jones being unable to meet the payments, by an agreement between Joe Depugh, Jones, and Metcalf, the $3,650 contract was assigned to Metcalf, and he in turn conveyed the 200 acres of land to Mary A. Depugh.

The claim in this case is presented in three counts of the petition, which respectively charge: That at the time of the transaction between Joe Depugh and Small, which was completed by the exchange of deeds and transfer of securities, appellant at the time of the signing of the deed, and before the exchanges were made, directed her husband to secure the advice of the defendant, and have him act as her agent in carrying out the deal. That the defendant was experienced in business, and plaintiff was unable to read or write, and she relied upon the defendant, and at her request he undertook to and did act as her agent in the transaction. She charges: That the defendant acted in bad faith. That he was at the time acting as the agent of Small, without her knowledge. That one of the main considerations for the agreement was the $3,650 contract, and that the defendant orally stated that he would guarantee the contract to be good, if she closed the deal, and relying upon such guaranty, she did, through the defendant, close the deal. That thereafter, without the knowledge or consent of plaintiff, and in fraud of her rights, the defendant canceled

the said contract of Jones, to her damage and loss in the sum of $3,650.

The second count charges the same facts, and that the cancellation of the contract was made by Frazier as her agent and without her authority.

In another count it is charged the guaranty of the $3,650 contract is alleged to have been made "to Joe Depugh, agent of plaintiff, and to plaintiff," as an inducement to procuring the deed from Small, and for the pecuniary benefit of the defendant, and that she was induced thereby to make the conveyance, and that defendant refuses to keep his contract of guaranty, and by releasing the contract of Jones has caused her damage, as claimed. The answers of these several counts were general denials. A jury trial was had, resulting in a verdict for the defendant, and plaintiff appeals.

II. The claims made by appellant in the three counts are as stated in argument: First, that the defendant, as her agent, acted in bad faith, to her loss; second, that he is liable as for conversion; and, third, upon an oral guaranty.

The errors assigned are in failing to submit the issue of agency, the fraud of the agent, or conversion by the agent to the jury, in refusing offered instructions, in admitting incompetent testimony, and in overruling a motion for new trial.

Instructions No. 1, 2, 3, and 9 offered by the appellant all related to the claim of agency of Frazier, stating what was necessary to constitute such relation, and the good faith which is required of one who is so acting. As general statements of the law, no fault can be found with them; but we can discover no error in refusing to give them, as the trial court in its instructions, as fully as the case required under the facts, submitted the substance of the offered instructions.

1. INSTRUCTIONS: refusal of requests.

The defendant was a cashier of a bank at Magnolia, and plaintiff testified that he advised her about her business affairs, as she might need assistance. This was to sustain the claim of confidential relations and reason for seeking his

assistance in the transaction. Her husband testified in substance the same, but on cross-examination it appeared that their dealings with the bank or the defendant had been few; that they kept no deposit nor had left no papers there prior to this time. The proof of the alleged agency depended almost solely upon the testimony of her husband, supported by her testimony that she requested him to ask Frazier to so serve.

The evidence is practically uncontradicted that the trade between Small and Joe Depugh was agreed upon as to all its terms before the defendant knew of it, and his knowledge came from the request of Small for a loan to complete it. The transaction was up to that time conducted by the husband of the plaintiff, who, in one count of her petition, the appellant alleges was her agent. That he was so acting and with her knowledge we think cannot fairly be questioned under the evidence, and with such authority, and with no proof to connect the defendant with the transaction prior to the application for the loan, the instructions, as fully as was the right of appellant, presented that question to the jury.

III. The liability of the defendant as guarantor was fully and correctly presented to the jury in instructions as favorable to the appellant as was her right. There was dispute as to whether he did so guarantee the payment of the $3,650 contract, and the finding by the jury of no liability has ample support.

IV. Error is charged in not submitting the issue of fraud. The record satisfactorily and conclusively shows, as we have already stated, that the main transaction was completed before

2. FRAUD: oral statement of guaranty.

the defendant in any way became connected with it, and that Frazier's interest was simply in procuring the loan. The fraud, if any, relied upon consisted in the oral guaranty of payment of the Jones contract, a paper he had not seen at the time the alleged guaranty was made, and as agent in causing the cancellation of that obligation to her loss. As to the first element, it was but a personal contract, if the guaranty was made, lacking the

essential features of a fraudulent act.  There was no misrepresentation of a fact, but only a promise.  *Hazlett v. Burge,* 22 Iowa, 535.  As to the other feature in the claim of fraud, the trial court instructed that the undisputed facts showed that, after the deed was made, the Jones contract was assigned to Metcalf, and a deed to the Metcalf land was made to plaintiff, and that it was thereby undertaken to release the Jones contract.  To constitute fraud as between the parties to this action, there was needed proof of agency and the violation of a fiduciary duty; and in this respect the evidence was so wanting in probative force that it was not sufficient to require its submission to the jury.  The submission of the case under the instructions was in such manner as to fairly present every question arising under the issues and the evidence.  Other questions argued as to the correctness of the instructions are not covered by the errors assigned.

V.  Error is urged in admitting, over objections, testimony as to the acts and statements of Joe Depugh, relating to the trade; it being claimed that there was no competent evidence to show that he had authority to act as the agent of his wife in the matter.  It is sufficient to say that there was proof which afforded a basis for that as a fact, and there was no error in that respect.

3.  AGENCY: evidence.

The verdict of the jury was fully warranted by the facts.  Indeed, there is fair question, not now needed to be determined, whether a verdict for plaintiff should have been permitted to stand.  We find no error.—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.